(88 South. 821)

No. 23258.

## HOOK v. CUSIMANO.

(May 30, 1921.)

*(Syllabus by Editorial Staff.)*

1. Judgment ☞257—Court not authorized to render judgment in excess of amount found by special auditor.

Where plaintiff submitted a case by announcing that he offered in evidence a contract of employment, the report of a special auditor appointed by the court, and the articulations of plaintiff's petition, and rested, and the report showed the amount due plaintiff was $974.93, the district court was without authority to render a judgment for a sum in excess of that amount.

2. Courts ☞224(10)—Where contested amount is less than $2,000, the Supreme Court is without appellate jurisdiction.

Where the amount in contest was, and is, less than $2,000, the Supreme Court is without jurisdiction of the appeal, and the cause is to be transferred to the Court of Appeal.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Anthony Hook against J. Cusimano to recover commissions on net profits of employer's business. Judgment for plaintiff, and defendant appeals. Decreed that cause be transferred to the Court of Appeal.

U. Marinoni, Jr., of New Orleans, for appellant.

James O'Connor and K. V. Richard, both of New Orleans, for appellee.

SOMMERVILLE. J. Plaintiff sued defendant, his employer, on a contract of employment, for the sum or $2,998.99, being commissions on net profits of the business of his employer during the year 1914. Defendant answered, denying all liability. There was judgment in favor of plaintiff for $974.93, with interest, and defendant has appealed.

[1] Before the trial of the case, defendant applied to the court for the appointment of an expert accountant to examine his books and make report thereon, which report was duly filed. Plaintiff did not take the witness stand on his own behalf; and after having examined the expert as his witness, he submitted the case by announcing that he "offers in evidence the contract of employment, the report of the special auditor appointed by the court, and the articulations of plaintiff's petition, and rests." And the report showed the amount due plaintiff was $974.93. He did not offer any further evidence; and the district court was without authority to render a judgment for a sum in excess of that amount.

[2] Subsequently, plaintiff was put on the witness stand, and examined as if under cross-examination, and he willingly admitted that what the expert had said about the books kept by him as defendant's bookkeeper was absolutely correct. And defendant, during the trial of the cause, said:

"I offer in evidence the report of Mr. George St. Paul, as changed and amended by him, March 26, 1918, showing the amount of $974.93 as being the amount due the plaintiff herein."

And there was judgment as before stated for that amount in favor of plaintiff.

As the amount in contest was and is less than $2,000, this court is without appellate jurisdiction.

Both counsel, in oral and printed arguments, in this court, admitted that the only amount in contest was and is $974.93. Counsel for defendant say:

"If Mr. St. Paul is correct, these amounts carried on the books as salaries are merely bonuses, and are to be included in the net profits, and defendant would owe the plaintiff the amount, as claimed, of $974.93."

And counsel for plaintiff say: Manifestly, the only point in dispute is whether the several sums amounting to $7,200, credited as salaries to four clerks under specific instructions of defendant so as to reduce his income tax, were in fact salaries, or were these sums entered in defendant's books solely and only to reduce or defeat his income tax.

The amount in contest being less than $2,000, the case will have to be transferred to the Court of Appeal.

It is therefore ordered, adjudged, and decreed that this case be transferred to the Court of Appeal for the parish of Orleans, to be there proceeded with in accordance with law.

O'NIELL, J., concurs in the decree on the ground that the amount in contest did not exceed $2,000 when the case was submitted to the court below.